**\*E-FILED 08-03-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLA PINHEIRO, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ACXIOM INFORMATION SECURITY SERVICES, INC.; AEROTEK, INC.; QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC; DOES 1-100, inclusive,<br><br>Defendants. | No. C10-02246 HRL<br><br>**ORDER GRANTING DEFENDANT AEROTEK, INC.'S MOTION TO DISMISS SEVENTH AND EIGHTH CLAIMS FOR RELIEF WITHOUT LEAVE TO AMEND**<br><br>[Re:  Docket No. 11] |

BACKGROUND

According to the complaint, filed on behalf of a putative class, plaintiff Carla Pinheiro was an employee of defendant Aerotek, Inc. (Aerotek), an employment agency. She further alleges that she was assigned to work as a temporary customer service representative for defendant Quest Diagnostics Clinical Laboratories, Inc. (Quest). The gravamen of Pinheiro's complaint as to Aerotek is that Aerotek wrongfully terminated her employment (Sixth Claim for Relief) and failed to timely pay her final wages in violation of California Labor Code sections 201-203 (Seventh Claim for Relief). Plaintiff also asserts a claim against Aerotek under California Bus. & Prof. Code section 17200 (Eighth Claim for Relief) based upon the alleged failure to timely pay her final wages.

Aerotek does not challenge the wrongful termination claim here. However, pursuant to Fed. R. Civ. P. 12(b)(6), it moves to dismiss Pinheiro's seventh and eighth claims for relief concerning the alleged failure to timely pay her final wages. Pinheiro opposes the motion. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. The court finds the matter appropriate for determination without oral argument. *See* CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers this court grants the motion.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on such a motion, a court generally does not consider any matters outside the complaint. However, documents which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *See Balistreri*, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Morever, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); *see also Iqbal*, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief

survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. *Bell Atlantic Corp.*, 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." *Id*.

## DISCUSSION

Preliminarily, plaintiff advises that the issues presented by the instant motion currently are pending before the California Supreme Court. *See Pineda v. Bank of America*, 207 P.3d 1 (2009). Nevertheless, for the reasons stated below, this court finds that, based upon the law as it currently stands, plaintiff's seventh and eighth claims for relief as to Aerotek should be dismissed.

A.  <u>Seventh Claim for Relief (Cal. Labor Code §§ 201-203)</u>

Pinheiro alleges that Aerotek terminated her employment on April 11, 2008. (Complaint ¶ 25). Although Aerotek disputes the date of plaintiff's termination, everyone agrees that plaintiff received her final paycheck from Aerotek one week later on April 18, 2008. (*Id.* ¶ 98). Pinheiro does not sue for underlying wages because all of her wages admittedly have been paid. Instead, she seeks only waiting time penalties under Cal. Labor Code § 203 for the failure to timely pay her final wages upon the termination of her employment in violation of Cal. Labor Code § 201. Even assuming that the payment of plaintiff's final wages was untimely, Aerotek argues that Pinheiro's claim is time-barred because the instant lawsuit was not filed until April 7, 2010, about one year too late.

At issue here is whether Pinheiro's claim for waiting time penalties is subject to a one-year statute of limitations (Aerotek's view) or to a three-year limitations period (Pinheiro's position). This court agrees that the one-year statute of limitations under Cal. Code Civ. Proc. § 340(a) applies, and plaintiff's seventh claim for relief therefore is time-barred. *See McCoy v. Super. Ct.*, 157 Cal. App.4th 225, 68 Cal. Rptr.3d 483 (2008) (holding that in action seeking only waiting time penalties, and not wages, the one-year statute of limitations under Cal. Code Civ. Proc. § 340(a) applies). *Cf. Ross v. U.S. Bank Nat'l Ass'n*, Case No. C07-02951SI, 2008

WL 4447713 *4 (N.D. Cal., Sept. 30, 2008) (concluding that the three-year statute of limitations period under Cal. Labor Code § 203 applied where plaintiff sought unpaid wages, as well as waiting time penalties). Plaintiff's cited authority, *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 999 P.2d 706, 96 Cal. Rptr.2d 518 (2000), in which the plaintiff sought both unpaid wages and waiting time penalties, does not compel a contrary conclusion.

Accordingly, defendant's motion to dismiss this claim is granted without leave to amend.

B.  Eighth Claim for Relief (Cal. Bus. & Prof. Code § 17200)

With respect to Aerotek, Pinheiro's claim under California's Unfair Competition Law (UCL) is premised entirely upon the alleged failure to timely pay her final wages. (Complaint, ¶¶ 107, 109). Accordingly, her claim for waiting time penalties and her UCL claim stand, and in this case fall, together. *See Landayan v. Washington Mutual Bank*, Case No. C09-00916RMW, 2009 WL 3047238 *3 (N.D. Cal., Sept. 18, 2009). In any event, remedies under California Labor Code § 203 are penalties, and not restitution, and therefore cannot be recovered under the UCL. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp.2d 609, 619 (N.D. Cal. 2007); *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp.2d 891, 895 (C.D. Cal. 2005).

This claim will also be dismissed as to Aerotek without leave to amend. *See Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief.").

ORDER

Based on the foregoing, Aerotek's Fed. R. Civ. P. 12(b)(6) motion to dismiss the seventh and eighth claims for relief is granted without leave to amend.

SO ORDERED.

Dated: August 3, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:10-cv-02246-HRL Notice has been electronically mailed to:

Alison Marie Miceli      amiceli@gracehollis.com

Alison P. Danaceau      adanaceau@carltonfields.com, cwiltey@carltonfields.com, lmitchell@carltonfields.com

Brooke Lewis      blewis@carltonfields.com

Caroline McIntyre      cmcintyre@be-law.com, sbrill@be-law.com

Daniel J. Bergeson      dbergeson@be-law.com, swalker@be-law.com

Jonathan Morris Brenner      jbrenner@sidley.com

Michael James Grace      mgrace@gracehollis.com, tkim@gracehollis.com

Shweta Gera      sgera@morganlewis.com, gjohnson@morganlewis.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.